TH/KDE:JPM/EJD
F. #2020R00697

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

     - against -

QUINTIN GREEN,
     also known as "Wild Child,"
CHAYANNE FERNANDEZ,
     also known as "White Boy,"
MALIEK MILLER,
     also known as "Leak," and
KEVIN WINT,
     also known as "Kev G,"

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - X

1:20-cr-00331(LDH)(RER)

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 20-331 (S-1) (LDH)
(T. 18, U.S.C., §§ 922(g)(1), 924(a)(2),
  924(c)(1)(A)(i), 924(c)(1)(A)(ii),
  924(c)(1)(A)(iii), 924(d)(1), 924(j)(1),
  981(a)(1)(C), 1951(a), 1959(a)(1),
  1959(a)(5), 1962(c), 1963, 1963(a),
  1963(m), 2, 3 and 3551 et seq.; T. 21,
  U.S.C., §§ 841(b)(1)(C), 846, 853(a)
  and 853(p); T. 28, U.S.C., § 2461(c))

THE GRAND JURY CHARGES:

## INTRODUCTION

         At all times relevant to this Superseding Indictment, unless otherwise indicated:

### The Enterprise

         1.     The Ninedee Gang, also known as the "90 Gang" (hereinafter the "Ninedee Gang" or the "enterprise"), was a street gang composed primarily of individuals residing within or otherwise associated with the New York City Housing Authority Louis H. Pink Houses in Brooklyn, New York.   Members and associates of the enterprise engaged in drug trafficking, access device crimes, acts of violence, including acts involving murder and assault, and other crimes.

2.      The Ninedee Gang, including its leadership, membership and associates, constituted an "enterprise" as defined by Title 18, United States Code, Sections 1961(4) and 1959(b)(2), that is, a group of individuals associated in fact that engaged in, and the activities of which affected, interstate and foreign commerce.   The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.

3.      Members and associates of the enterprise trafficked narcotics in and around Brooklyn, New York.   Members and associates of the enterprise also engaged in various fraud and access-device crimes.   Members and associates of the enterprise promoted the standing and reputation of the enterprise, and committed, agreed, attempted and threatened to commit, acts of violence to protect fellow members and associates of the enterprise, to retaliate for prior acts of violence committed against the enterprise, and to otherwise promote the standing and reputation of the enterprise.

Purposes of the Enterprise

4.      The purposes of the enterprise included the following:

(a)      Preserving and protecting the power, territory and criminal ventures of the enterprise through the use of intimidation, threats of violence and acts of violence, including murder and assault;

(b)      Promoting and enhancing the prestige, reputation and position of the enterprise with respect to rival criminal organizations;

(c)      Keeping victims and rivals in fear of the enterprise and its members and associates through acts of violence and threats of violence;

(d)     Providing assistance to members and associates who committed crimes for and on behalf of the enterprise;

(e)     Enriching the members and associates of the enterprise through criminal activity, including drug trafficking and access-device crimes; and

(f)     Concealing the activities of the enterprise from law enforcement.

### Methods and Means of the Enterprise

5.     Among the methods and means by which the members of the enterprise and their associates conducted and participated in the conduct of the affairs of the enterprise were the following:

(a)     Members of the enterprise and their associates committed, conspired to commit, attempted to commit and threatened to commit acts of violence, including acts involving murder and assault, to enhance the enterprise's prestige and protect and expand the enterprise's criminal operations;

(b)     Members of the enterprise and their associates committed, attempted to commit and conspired to commit drug trafficking, access device fraud and other fraud offenses as means of obtaining money;

(c)     Members of the enterprise and their associates used and threatened to use physical violence against various individuals, including witnesses, victims, informants and members of rival criminal organizations; and

(d)     Members of the enterprise and their associates obtained, possessed and used firearms.

4

The Racketeering Defendants

6.      The defendant CHAYANNE FERNANDEZ, also known as "White Boy," was a member and associate of the Ninedee Gang.

7.      The defendant MALIEK MILLER, also known as "Leak," was a member and associate of the Ninedee Gang.

8.      The defendant KEVIN WINT, also known as "Kev G," was a member and associate of the Ninedee Gang.

COUNT ONE
(Racketeering)

9.      The allegations contained in paragraphs one through eight are realleged and incorporated as if fully set forth in this paragraph.

10.      In or about and between July 2017 and February 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants CHAYANNE FERNANDEZ, also known as "White Boy," MALIEK MILLER, also known as "Leak," and KEVIN WINT, also known as "Kev G," together with others, being persons employed by and associated with the Ninedee Gang, an enterprise that engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5), consisting of the racketeering acts set forth below.

5

### RACKETEERING ACT ONE
(Conspiracy to Distribute and Possess with Intent to Distribute Marijuana)

11.     In or about and between July 2017 and February 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants CHAYANNE FERNANDEZ, MALIEK MILLER, and KEVIN WINT, together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing marijuana, a Schedule I controlled substance, contrary to Title 21, United States Code, Section 841(a)(1), in violation of Title 21, United States Code, Section 846.

### RACKETEERING ACT TWO
(Conspiracy to Commit Access Device Fraud)

12.     In or about and between December 2019 and February 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant KEVIN WINT, together with others, did knowingly and with intent to defraud conspire to possess fifteen or more devices which were counterfeit and unauthorized access devices, in a manner affecting interstate and foreign commerce, contrary to Title 18, United States Code, Sections 1029(a)(3), in violation of Title 18, United States Code, Section 1029(b)(2).

### RACKETEERING ACT THREE
(Murder Conspiracy/Murder of Shatavia Walls)

13.     The defendants CHAYANNE FERNANDEZ and MALIEK MILLER, together with others, committed the following acts, either one of which alone constitutes Racketeering Act Three:

6

A.    Murder Conspiracy

14.    In or about July 2020, within the Eastern District of New York and elsewhere, the defendants CHAYANNE FERNANDEZ and MALIEK MILLER, together with others, did knowingly and intentionally conspire to cause the death of another person, to wit: Shatavia Walls, in violation of New York Penal Law Sections 125.25(1) and 105.15.

B.    Murder of Shatavia Walls

15.    On or about and between July 7, 2020 and July 17, 2020, within the Eastern District of New York and elsewhere, the defendants CHAYANNE FERNANDEZ and MALIEK MILLER, together with others, with the intent to cause the death of another person, to wit: Shatavia Walls, did knowingly and intentionally cause her death, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1962(c), 1963 and 3551 et seq.)

COUNT TWO
(Conspiracy to Distribute and Possess With Intent to Distribute Marijuana)

16.    In or about and between July 2017 and February 2021, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants CHAYANNE FERNANDEZ, also known as "White Boy," MALIEK MILLER, also known as "Leak," and KEVIN WINT, also known as "Kev G," together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute one or more controlled substances, which offense involved a substance containing marijuana,

a Schedule I controlled substance, contrary to Title 21, United States Code, Section

841(a)(1).

(Title 21, United States Code, Sections 846 and 841(b)(1)(C); Title 18, United

States Code, Sections 3551 et seq.)

<u>COUNT THREE</u>
(Conspiracy to Commit Murder In-Aid-Of Racketeering – Shatavia Walls)

17.     The allegations contained in paragraphs one through eight are realleged

and incorporated as if fully set forth in this paragraph.

18.     The Ninedee Gang, through its members and associates, engaged in

racketeering activity, as defined in Title 18, United States Code, Sections 1959(b)(1) and

1961(1), that is, (a) acts involving murder that are chargeable under New York State Penal

Law and punishable by imprisonment for more than one year; (b) acts indictable under Title

18, United States Code, Section 1029 (relating to fraud and related activity in connection

with access devices); and (c) offenses involving dealing in controlled substances, in violation

of Title 21, United States Code, Sections 841 and 846.

19.     In or about July 2020, within the Eastern District of New York and

elsewhere, the defendants QUINTIN GREEN, also known as "Wild Child," CHAYANNE

FERNANDEZ, also known as "White Boy," and MALIEK MILLER, also known as "Leak,"

together with others, for the purpose of gaining entrance to, and maintaining and increasing

position in, the Ninedee Gang, an enterprise engaged in racketeering activity, did knowingly

and intentionally conspire to murder Shatavia Walls, in violation of New York Penal Law

Sections 125.25(1) and 105.15.

(Title 18, United States Code, Sections 1959(a)(5) and 3551 et seq.)

8

## COUNT FOUR
(Murder In-Aid-Of Racketeering – Shatavia Walls)

20.     The allegations contained in paragraphs one through eight and paragraph 18 are realleged and incorporated as if fully set forth in this paragraph.

21.     On or about and between July 7, 2020 and July 17, 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants QUINTIN GREEN, also known as "Wild Child," CHAYANNE FERNANDEZ, also known as "White Boy," and MALIEK MILLER, also known as "Leak," together with others, for the purpose of gaining entrance to, and maintaining and increasing position in, the Ninedee Gang, an enterprise engaged in racketeering activity, did knowingly and intentionally murder Shatavia Walls, in violation of New York Penal Law Sections 125.25(1) and 20.00.

(Title 18, United States Code, Sections 1959(a)(1), 2 and 3551 et seq.)

## COUNT FIVE
(Unlawful Use and Possession of Firearms)

22.     On or about July 7, 2020, within the Eastern District of New York and elsewhere, the defendants QUINTIN GREEN, also known as "Wild Child," CHAYANNE FERNANDEZ, also known as "White Boy," and MALIEK MILLER, also known as "Leak," together with others, did knowingly and intentionally use and carry one or more firearms during and in relation to a crime of violence, to wit: the crime charged in Count Four, and did

knowingly and intentionally possess such firearms in furtherance of said crime of violence, one or more of which firearms were brandished and discharged.

(Title 18, United States Code, Sections 924(c)(1)(A)(i), 924(c)(1)(A)(ii), 924(c)(1)(A)(iii), 2 and 3551 et seq.)

### COUNT SIX
(Causing the Death of Shatavia Walls Through Use of Firearms)

23.     On or about and between July 7, 2020 and July 17, 2020, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants QUINTIN GREEN, also known as "Wild Child," CHAYANNE FERNANDEZ, also known as "White Boy," and MALIEK MILLER, also known as "Leak," together with others, in the course of a violation of Title 18, United States Code, Section 924(c), to wit: the crime charged in Count Five, did knowingly and intentionally cause the death of a person through the use of one or more firearms, which killing was murder as defined in Title 18, United States Code, Section 1111(a), in that defendants GREEN, FERNANDEZ, and MILLER, together with others, with malice aforethought, did unlawfully kill Shatavia Walls willfully, deliberately, maliciously and with premeditation.

(Title 18, United States Code, Sections 924(j)(1), 2 and 3551 et seq.)

### COUNT SEVEN
(Felon in Possession of Ammunition)

24.     On or about July 4, 2020, within the Eastern District of New York, the defendant MALIEK MILLER, also known as "Leak," knowing that he had previously been convicted in a court of one or more crimes punishable by a term of imprisonment exceeding

one year, did knowingly and intentionally possess in and affecting commerce ammunition, to wit: one .380 caliber Remington-Peters cartridge case.

(Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 3551 et seq.)

## COUNT EIGHT
(Accessory After The Fact – Murder of Shatavia Walls)

25.     In or about July 2020, within the Eastern District of New York and elsewhere, the defendant KEVIN WINT, also known as "Kev-G," knowing that one or more offenses against the United States had been committed, to wit: the crimes charged in Counts Three, Four and Six, did knowingly and intentionally receive, relieve, comfort and assist one or more offenders, in order to hinder and prevent the offenders' apprehension, trial and punishment.

(Title 18, United States Code, Sections 3 and 3551 et seq.)

## COUNT NINE
(Attempted Hobbs Act Robbery)

26.     On or about November 3, 2020, within the Eastern District of New York, the defendant QUINTIN GREEN, also known as "Wild Child," together with others, did knowingly and intentionally attempt to obstruct, delay and affect commerce, and the movement of articles and commodities in commerce, by robbery, to wit: the robbery of a Target store located at 2873 Richmond Avenue, Staten Island, New York.

(Title 18, United States Code, Sections 1951(a), 2 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNT ONE

27.     The United States hereby gives notice to the defendants charged in

Count One that, upon their conviction of such offense, the government will seek forfeiture in

accordance with Title 18, United States Code, Section 1963(a), which requires any person

convicted of such offense to forfeit: (a) any interest the person acquired or maintained in

violation of Title 18, United States Code, Section 1962; (b) any interest in, security of, claim

against, or property or contractual right of any kind affording a source of influence over, any

enterprise which the person has established, operated, controlled, conducted or participated

in the conduct of, in violation of Title 18, United States Code, Section 1962; and (c) any

property constituting, or derived from, any proceeds which the person obtained, directly or

indirectly, from racketeering activity in violation of Title 18, United States Code, Section

1962.

28.     If any of the above-described forfeitable property, as a result of any act

or omission of the defendants:

        (a)     cannot be located upon the exercise of due diligence;

        (b)     has been transferred or sold to, or deposited with, a third party;

        (c)     has been placed beyond the jurisdiction of the court;

        (d)     has been substantially diminished in value; or

        (e)     has been commingled with other property which cannot be

divided without difficulty;

12

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 1963(a) and 1963(m))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNT TWO

29.     The United States hereby gives notice to the defendants charged in Count Two that, upon their conviction of such offense, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offense to forfeit: (a) any property constituting, or derived from, any proceeds obtained directly or indirectly as the result of such offense; and (b) any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense.

30.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided without difficulty;

13

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS THREE THROUGH EIGHT

31.     The United States hereby gives notice to the defendants charged in Counts Three through Eight that, upon their conviction of any such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 922 or Section 924 or any violation of any other criminal law of the United States.

32.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p),

to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 924(d)(1); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNT NINE

33.    The United States hereby gives notice to the defendant charged in Count Nine that, upon his conviction of such offense, the government will seek forfeiture in accordance with: (a) Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which requires any person convicted of such offense to forfeit any property, real or personal, constituting or derived from proceeds obtained directly or indirectly as a result of such offense; and (b) Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, 2461(c), which require the forfeiture of any firearm or ammunition involved in or used in any violation of any other criminal law of the United States.

34.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

      (a)    cannot be located upon the exercise of due diligence;

      (b)    has been transferred or sold to, or deposited with, a third party;

      (c)    has been placed beyond the jurisdiction of the court;

      (d)    has been substantially diminished in value; or

      (e)    has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Sections 924(d)(1) and 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

A TRUE BILL

_____
FOREPERSON

_____
JACQUELYN M. KASULIS
ACTING UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

F.# 2020R00697

FORM DBD-34

UN: 85

No. 20-CR-331 (S-1) (LDH)

# UNITED STATES DISTRICT COURT

EASTERN District of NEW YORK

CRIMINAL DIVISION

## THE UNITED STATES OF AMERICA

vs.

QUINTIN GREEN, also known as "Wild Child," CHAYANNE FERNANDEZ, also known as "White Boy," MALIEK MILLER, also known as "Leak," and KEVIN WINT, also known as "Kev G,"

Defendants.

# SUPERSEDING INDICTMENT

(T. 18, U.S.C., §§ 922(g)(1), 924(a)(2), 924(c)(1)(A)(i), 924(c)(1)(A)(iii), 924(d)(1), 924(j)(1), 981(a)(1)(C), 1951(a), 1959(a)(1), 1959(a)(5), 1962(c), 1963, 1963(a), 1963(m), 2, 3 and 3551 et seq.; T. 21, U.S.C., §§ 841(b)(1)(C), 846, 853(a) and 853(p); T. 28, U.S.C., § 2461(c))

A true bill.

_____
Foreperson

Filed in open court this _____ day,

of _____ A.D. 20 _____

_____
Clerk

Bail, $ _____

James P. McDonald and Emily J. Dean
Assistant U.S. Attorneys
718-254-6376